IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LASHUN GRAY, | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:24-cv-02632-SHL-tmp |
| JOHNNY FITZ, | ) |
| Respondent. | ) |

**ORDER DIRECTING RESPONDENT TO FILE RELEVANT PORTIONS OF THE
STATE COURT RECORD AND A LIMITED RESPONSE TO THE § 2254 PETITION**

Petitioner LaShun Gray, Tennessee Department of Correction prisoner number 460763, an inmate at the West Tennessee State Penitentiary in Henning, Tennessee, has filed a pro se Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by the Person in State Custody ("the Petition"). (ECF No. 2.) Petitioner has paid the $5.00 habeas filing fee. (ECF No. 6.) The Petition is before the Court on preliminary review. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").

Petitioner acknowledges that the Petition was not filed within 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations, but he argues that he is entitled to equitable tolling of the limitations period because he is indigent, without an attorney, and was "housed in [a] high security facility" under COVID-19 "precaution measurements," which limited his access to the prison law library. (ECF No. 2 at PageID 14.) Petitioner argues that he diligently pursued his habeas rights by contacting his post-conviction counsel "twice" and asking for "all information" regarding his case, but his attorney failed to provide the requested materials. (Id.)

It is **ORDERED**, pursuant to Habeas Rule 4, that Respondent file a limited response/answer to the Petition no later than 28 days from the date of this Order, addressing the

timeliness of the Petition and Petitioner's equitable tolling argument. The answer shall include the relevant portions of the state court record, organized and appropriately indexed, as required by Administrative Order 16-31.[1]

Pursuant to Habeas Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within 28 days of service. Petitioner may request an extension of time to reply if his motion is filed on or before the due date of his reply. The Court will address the merits of the Petition, or of any motion filed by Respondent, after the expiration of Petitioner's time to reply, as extended.

It is **ORDERED** that the Clerk shall send a copy of the Petition (ECF No. 2) and this Order to the Respondent and the Tennessee Attorney General and Reporter by certified mail. See Habeas Rule 4.

It is **ORDERED** that the Clerk shall mail the parties the form for Notice, Consent, and Reference of A Civil Action to A Magistrate Judge (AO 85).

**IT IS SO ORDERED** this 1st day of August, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The party filing a document has the burden of ensuring the proper protection of sensitive information and taking measures to seal such information where appropriate. See Electronic Case Filing Attorney User Manual for the United States District Court, Western District of Tennessee, Section I.A.14; see also Electronic Case Filing Policies and Procedures Manual for the United States District Court Western District of Tennessee, Section 8, https://www.tnwd.uscourts.gov/sites/tnwd/files/LocalRules.pdf (last accessed July 31, 2025).